IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANNY J. RUTTER,

    **Petitioner,**

    v.                                       CASE NO. 2-07-cv-0148
                                                  JUDGE SMITH

WARDEN, NOBLE CORRECTIONAL
    INSTITUTION,                         MAGISTRATE JUDGE KEMP

    **Respondent.**

## ORDER

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's motion to dismiss, and the exhibits of the parties. Petitioner's requests for the appointment of counsel, Doc. Nos. 5, 8, 16, are **DENIED**. Petitioner's unopposed request to amend the petition with a claim that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004), *see* Doc. No. 14, hereby is **GRANTED**. Petitioner's request for a response to his request to amend the petition, Doc. No. 15, is **DENIED**, as moot. For the reasons that follow, petitioner will be directed to clarify his claims and respondent will be granted additional time to file a response.

## FACTS and PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts of this case as follows:

> On December 3, 2005, appellant walked into a Kroger's grocery
> store on Maple Avenue, Zanesville, Ohio. While in the store,
> Loss Prevention Agent, Lori Cain, became suspicious of the

appellant's actions. After seeing the appellant pick up three packages of meat from the meat department on video camera, Ms. Cain watched as he walked to an area of the store that was unable to be viewed by video camera. Ms. Cain continued to observe the appellant and saw him walk from the "blind" area of the store to one of visibility. Once he was visible, Ms. Cain did not see him carrying the items that he had previously picked up. The appellant made his way out the front door and into the parking lot where Ms. Cain rushed to confront him about the missing items. During this confrontation the appellant became hostile and hit Ms. Cain in the face with his right hand. The appellant tried to run, but Ms. Cain was able to grab his jacket, from which three packages of meat fell to the ground. After a brief struggle where the appellant again swung his fist at Ms. Cain, Jed LaRoche and Jerid Lacy, both employees of Kroger's, subdued the appellant until the police could take him into custody.

Upon being arrested, the appellant admitted to stealing three steaks from Kroger's which he intended to sell in order to buy crack cocaine. Appellant further admitted that he had smoked crack cocaine behind the store prior to committing the offenses. The appellant denied striking Ms. Cain.

Appellant was arraigned on December 14, 2005, on charges of Robbery, a felony of the second degree, and Theft of less than $500, a misdemeanor of the first degree. On February 14, 2006, a jury found appellant guilty to both charges.

On March 27, 2006, the trial court conducted a sentencing hearing. The court heard testimony from pre-sentence investigator Doug Pollock. Mr. Pollock testified to the fact that the appellant had 82 misdemeanor convictions spanning three counties, served 750 days in the county jail, had previously violated probation, and continued to deny the apparent harm caused to the Kroger's Loss Prevention Agent. Mr. Pollock also testified that the Appellant was stealing for the purpose of obtaining drugs and that he had prior felony offenses which had been pled down to misdemeanors. After hearing Mr. Pollock's testimony, the trial court ordered the appellant serve eight years in prison for the Robbery conviction and six

> months of local incarceration for the Theft of less than $500 conviction. The trial court ordered the sentences be served concurrently.

*State v. Rutter*, 2006 WL 2257068 (Ohio 5th App. Dist. August 1, 2006). Petitioner filed a timely appeal in which he raised the following assignment of error:

> I. THE SENTENCE IMPOSED UPON THE DEFENDANT-APPELLANT WAS CONTRARY TO LAW.

*See id.* He did not contest his conviction on theft. *Id.* On August 1, 2006, the appellate court affirmed the judgment of the trial court. *Id.* On January 24, 2007, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Rutter*, 112 Ohio St.3d 1441 (Ohio 2007).

On February 28, 2007, petitioner filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution based upon the following:

> 1. Counsel did not raise issue of max[imum] sentence without jury [in violation of] *Blakely v. Washington*.

Petitioner has also filed a request to amend the petition, which request has been granted, to include the following claim:

> 2. The trial court violated the petitioner['s] 5th, 6th, and 14th Amendment[] [rights] under the United States Constitution when it sentenced the petitioner to more than minimum concurrent sentences. *Blakely v. Washington*... and in violation of the Ex Post Facto Clause, *Bouie v. City of Columbia*.... in violation of clearly established federal law.

3

It is the position of the respondent that claim one is unexhausted, and that this action therefore must be dismissed. Respondent has not addressed petitioner's amended claim two.

## EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples,* 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees,* 822 F.2d 1418, 1420 n. 3 (6th Cir.1987).

In claim one, petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to object to his sentence as violating *Blakely v. Washington*, supra. Respondent contends that this claim is unexhausted because, to the extent that petitioner asserts a denial of the effective assistance of appellate counsel, petitioner still may file a

delayed application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). *See Motion to Dismiss*.

The total exhaustion rule of *Rose v. Lundy,* 455 U.S. 509, 522 (1982), requires federal courts to dismiss without prejudice habeas corpus petitions containing both exhausted and unexhausted claims, *see Rhines v. Weber,* 544 U.S. 269, 274 (2005), unless it appears that the statute of limitations will bar the re-filing of the habeas corpus petition. *See id.* Under such circumstances, a stay of proceedings may be appropriate only under limited circumstances. *Id*.

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ( "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State" ).

*Id.,* at 277.

It does not appear from the record that petitioner can meet this standard here. Therefore, construing claim one as including a claim of ineffective assistance of appellate counsel would require dismissal of this action without prejudice as unexhausted. However, this Court is unable to determine from the petition whether or not petitioner intends to raise a claim of ineffective assistance of appellate counsel in these proceedings. Further, respondent has not addressed either the claim of ineffective assistance of trial

5

counsel, or petitioner's amended claim two.

In view of the foregoing, petitioner is **DIRECTED** to advise the Court within ten (10) days whether he intends to raise a claim of ineffective assistance of appellate counsel in these proceedings, or whether he intends to proceed on remaining exhausted claims. Respondent is **DIRECTED** to file a response that complies with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within twenty (20) days thereafter.

**IT IS SO ORDERED**.

/s/ Terence P. Kemp
United States Magistrate Judge