IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANNY J. RUTTER,**   **CASE NO. 2:07-cv-0148**
  **JUDGE SMITH**
  **Petitioner,**   **MAGISTRATE JUDGE KEMP**

v.

**WARDEN, NOBLE CORRECTIONAL
     INSTITUTION,**

  **Respondent.**

## OPINION AND ORDER

On February 29, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This case is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's conclusion that his claims are procedurally defaulted. Petitioner contends that he properly preserved his claims for federal habeas corpus review by presenting the claims in the first instance on appeal to the Ohio Supreme Court. In support of this contention, petitioner refers to *Tanner v. Wolfe*, unpublished, 2006 WL 3452414 (S.D. Ohio November 29, 2006), *Report and Recommendation affirmed by Tanner v. Wolfe*, 2007 WL 649960 (S.D. Ohio February 23, 2007), wherein the Magistrate Judge noted that the Ohio Supreme Court had considered claims raised under

*Blakely v. Washington*, 542 U.S. 296 (2004), that had not been presented to the Ohio Court of Appeals. *See Tanner v. Wolfe, supra,* 2006 WL 3452414, at n.7, citing *State of Ohio v. Scranton Buchanan*, 2006 WL 3059911 (Ohio App. 7 Dist. October 26, 2006).

However, *Tanner v. Wolfe* does not assist petitioner. Since *Tanner*, the Ohio Supreme Court has held that criminal defendants, like petitioner, who were sentenced after the United States Supreme Court's June 24, 2004, decision in *Blakely* must object at sentencing to preserve the issue for appellate review. *State v. Payne*, 114 Ohio St.3d 502, 506 (2007). As discussed by the Magistrate Judge, the trial court sentenced petitioner on March 27, 2006, long after *Blakely* and after the Ohio Supreme Court's February 27, 2006, decision in *State v. Foster*, 109 Ohio St.3d 1 (2006)(striking provisions of Ohio's sentencing statutes as unconstitutional in view of *Blakely*). Unlike the scenario in this case, Tanner was sentenced and his direct appeal dismissed by the Ohio Supreme Court prior to the United States Supreme Court's June 24, 2004, decision in *Blakely*. Tanner thereafter raised his *Blakely* claim reasonably promptly at the first opportunity he had to do so, *i.e.*, in his post conviction appeal to the Ohio Supreme Court. He then again presented his *Blakely* claim to the state courts in a successive and untimely post conviction petition, but the state courts misapplied *Blakely* in refusing to consider that petition. This Court therefore addressed the merits of Tanner's *Blakely* claim. These circumstances are not present here.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a de novo review of the Magistrate Judge's *Report and Recommendation*. The Court has carefully considered the entire record. For the reasons detailed in the Magistrate Judge's *Report and Recommendation*,

2

petitioner's objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action hereby is **DISMISSED.**

    **IT IS SO ORDERED.**

                                     \s\ George C. Smith
                                     GEORGE C. SMITH
                                     United States District Judge