IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANNY J. RUTTER,

    **Petitioner,**

    v.                                  CASE NO. 2-07-cv-0148
                                        JUDGE SMITH

**WARDEN, NOBLE CORRECTIONAL**
      **INSTITUTION,**                     MAGISTRATE JUDGE KEMP

    **Respondent.**

## OPINION AND ORDER

On April 17, 2008, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on petitioner's May 19, 2008, motion for leave to appeal, which this Court construes as a request for a certificate of appealability, request to proceed *in forma pauperis* on appeal, and request for appointment of counsel. Doc. Nos. 27-29. For the reasons that follow, petitioner's request for a certificate of appealability, and request to proceed *in forma pauperis* on appeal, Doc. Nos. 27, 29, are **GRANTED.** Petitioner's request for the appointment of counsel, Doc. No. 28, is **DENIED**. Petitioner must raise such request in the United States Court of Appeals for the Sixth Circuit.

As his sole claim for federal habeas corpus relief, petitioner asserts that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004), as well as the Ex Post Facto Clause. This claim was dismissed as procedurally defaulted. Petitioner failed to present the claim as a federal constitutional issue in the state appellate court, and presented the claim as a federal issue in the first instance in his appeal to the Ohio Supreme Court.

Where the Court dismisses a claim on procedural grounds, a certificate of appealability

> should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The Court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*. Upon review of the record, this Court concludes that reasonable jurists would debate whether this Court was correct in its procedural ruling and whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel, supra.* Petitioner's request for a certificate of appealability, Doc. No. 27, therefore is **GRANTED**. The Court certifies the following issue for appeal:

> Did the District Court properly dismiss petitioner's claim as procedurally defaulted?

The Court must also consider petitioner's motion for leave to proceed *in forma pauperis* on appeal. Because the filing fee assessment procedures prescribed by the Prison Litigation Reform Act are not applicable to appeals taken in habeas corpus matters, *see Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997), the issue is simply whether petitioner can

afford the $455.00 filing fee for an appeal.  Upon a review of his financial affidavit, the Court concludes that he cannot.  His request for leave to proceed *in forma pauperis* on appeal, Doc. No. 29, therefore is **GRANTED**.

Petitioner's request for the appointment of counsel, Doc. No. 28, is **DENIED.** Petitioner must raise such request in the United States Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED.**

    \s\ George C. Smith
GEORGE C. SMITH
United States District Judge